UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-22572-RAR

**AARON D. FULMORE**,

    Plaintiff,

v.

**MARK S. INCH,** *et al.*,

    Defendants.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon *sua sponte* review of the docket and filings. *See Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("The district court possesses the inherent power to police its docket."). Consistent with that authority, the Court has determined that this case should be **DISMISSED** *without prejudice*.

In this case, Plaintiff—a *pro se* prisoner—filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") with attached certified inmate account statement. *See* Motion for Leave to Proceed IFP [ECF No. 3]. Plaintiff swore under penalty of perjury that he receives no income or any other "source of money" over the last six months, *id.* at 1–2, but his inmate account statement confirms that he lied, *see id.* at 3 (showing a $600 "economic impact payment," a $1400 "Government Chec[k]," and routine deposits from other sources). And, in this Court's review of many inmate account statements, it has never seen an inmate consistently spending over $150 per month on canteen sales alone. *See id.* Viewed together, because Plaintiff misrepresented his financial situation despite being sworn under penalty of perjury, the Court shall not grant Plaintiff's IFP Motion.

This leads us to address why a dismissal is warranted here.  "Parties instituting a civil action in district court are required to pay filing fees, and each district court, by local rule, may require advance payment of such fees."  *Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011). In the Southern District of Florida, the filing fee is $402.00.[1]  Of course, when a litigant cannot afford to pay the filing fee, they may—as Plaintiff did here—apply to proceed IFP.  *See* 28 U.S.C § 1915(a)(1)–(2).

When a civil rights complaint is filed, the filing fee is due at the initiation of the action. *See* S.D. Fla. Loc. R. 88.2(a) (requiring civil rights complaints to be filed "together with the filing fee").  This rule is consistent with Eleventh Circuit precedent.  *See generally White v. Lemma*, 947 F.3d 1373, 1377 (11th Cir. 2020) ("A three-strike prisoner thus faces the fate that *any non-IFP prisoner* faces when the prisoner fails to pay the filing fee up front: dismissal without prejudice." (emphasis added)).  Accordingly, since the Plaintiff has not paid the filing fee at the initiation of this action, and he lied under penalty of perjury in his IFP Motion, this case should be dismissed. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules.").

"[A] dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file."  *See Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020).  But if a dismissal without prejudice "has the effect of precluding [a litigant] from refiling his claim due to the running of the statute of limitations[,] the dismissal is tantamount to a dismissal with prejudice."  *Justice v. United States*, 6 F.3d 1474, 1481 n.15 (11th Cir. 1993) (cleaned up).

---

[1] *See* United States District Court: Southern District of Florida, *Court Fees*, available at: https://www.flsd.uscourts.gov/court-fees (last accessed Jul. 22, 2021).

The Court has assured itself that Plaintiff will not be prejudiced by this dismissal.  "Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."  *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002).  "[T]he statute of limitations for a civil rights action begins to run from the date that the cause of action accrues, which occurs when 'the plaintiff has a complete and present cause of action' and 'can file suit and obtain relief.'"  *Villalona v. Holiday Inn Express & Suites*, 824 F. App'x 942, 942 (11th Cir. 2020) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).  A "cause of action will not accrue until the plaintiff knows or should know (1) that he has suffered an injury that forms the basis of his action and (2) the identity of the person or entity that inflicted the injury."  *Id.*

Here, based on Plaintiff's allegations, his claims began as early as August 23, 2019.  *See* Complaint [ECF No. 1] at 2.  Consequently, at the earliest, Plaintiff's claims expire sometime in August 2023.  So, in theory, he could file a new complaint to initiate a new civil rights action before that deadline.  And, of course, he can pay the filing fee at the time he initiates that action.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that this action is **DISMISSED** *without prejudice*.  The IFP Motion [ECF No. 3] is **DENIED**.  Accordingly, all pending motions under this case number are **DENIED** as moot.  All deadlines in this case are **TERMINATED** and this case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of July, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Aaron Dale Fulmore
      685320
      Dade Correctional Institution
      Inmate Mail/Parcels
      19000 SW 377th Street
      Florida City, FL 33034
      PRO SE